**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IRIS GREEN,**

**Plaintiff,**

**v.** **Case No.: 8:16-cv-03252-VMC-AAS**

**CHASE BANKCARD SERVICES, INC., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC and TRANS UNION, LLC,**

**Defendant.**
______________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CHASE BANKCARD SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

COMES NOW, the Plaintiff, IRIS GREEN, by and through her undersigned counsel, and hereby moves this Court for the entry of an Order denying Defendant Chase Bankcard Services, Inc.'s (hereinafter "Chase") Motion to Dismiss for Failure to State a Claim and in support thereof hereby states as follows:

## FACTUAL BACKGROUND

1. On or about December 2015, Plaintiff discovered that there were mathematical errors on her Chase statements in addition that Chase was wrongfully reporting Plaintiff's Chase accounts on her credit reports.

2. On or about December 2015, Plaintiff, by and through undersigned counsel, disputed in writing, her Chase account balances as well as the information reported to the credit reporting agencies.

3. On or about January 2016, Chase responded to Plaintiff's correspondence by Providing copies of account statements not addressing the issues with the account balances and

wrongful reporting. Furthermore, Chase communicated directly with Plaintiff knowing that Plaintiff was represented by undersigned counsel.

4. Chase has reported and continues to report Plaintiff's accounts incorrectly on Plaintiff's credit reports.

5. As a result of Chase's actions, Plaintiff hired the undersigned counsel to force compliance with the Fair Credit Reporting Act, Florida Consumer Collection Practices Act, Fair Debt Collection Practices Act, and hereby demands a Jury Trial in this action.

6. Plaintiff has suffered damages as a result of Defendants incorrectly reporting Plaintiff's credit worthiness, Plaintiff's impaired ability to rebuild Plaintiff's credit worthiness, Defendants misinforming third-parties as to the status of Plaintiff's account which is incorrect, inaccurate, misleading and/or false, Plaintiff's inability to obtain and benefit from new credit, and Plaintiff's mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

## LEGAL STANDARD

A Motion to Dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), is analyzed under the well settled standard espoused in Bell Atl. Corp. v Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 US 662 (2009). The Courts have consistently found that a complaint need not contain "detailed factual allegations," so long as it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 555. This "plausibility" is a standard which is clearly met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

When reviewing Plaintiff's complaint, the Court must examine the four corners of the

Complaint and all documents attached thereto. These exhibits may aid the Plaintiff in the Court's determination if the complaint has moved "across the line from conceivable to plausible." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007); Bell Atl. Corp. v Twombly, 550 U.S. 544, 570 (2007).

**ARGUMENT**

Defendant, Chase, seeks to dismiss the complaint by arguing that the Plaintiff has failed to state a claim against Chase and that the complaint should be dismissed with prejudice. This argument is without merit. In the present case, the Plaintiff has clearly and specifically alleged that a dispute was made regarding the reporting of her Chase accounts to the credit reporting agencies. The instant dispute is related, in part, to Chase's failure to conduct an adequate investigation, which if conducted would have produced evidence that the accounts in question have incorrect balances due to mathematical errors.

Plaintiff has provided sufficient factual content to allow the Court to make the necessary presumptions and plausibility determinations. In Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, a case which is substantially similar to the case at bar, the Appellate Court found that the Bank did not conduct a reasonable investigation. Here Plaintiff argues that after the Plaintiff produced the dispute letters and Chase was notified of the same, Chase should have conducted a reasonable investigation from which it should have easily ascertained that the accounts have incorrect balances due to mathematical errors and the reporting of the accounts was improper. In Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, the Court found that "A credit entry can be incomplete or inaccurate within the meaning of the Fair Credit Reporting Act…because it is patently incorrect, or because it is misleading in such a way and to such an extent that is can be expected to adversely affect credit decisions." In Gorman the Court also goes on to write "A

consumer's failure to pay a debt that is not really due does not reflect financial irresponsibility and thus the omission of the disputed nature of a debt could render the information sufficiently misleading so as to be incomplete or inaccurate within the meaning of the Fair Credit Reporting Act, 15 U.S.C.S. § 1681 et seq." Here, the Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, diminished credit reputation, decreased credit score, monetary losses relating to credit denials, loss of use of funds, and loss of credit and loan opportunities. The Plaintiff has also endured mental and emotional pain, humiliation and embarrassment. These damages were and remain avoidable, however the Defendants refuse to correct the erroneous information despite requests to do so.

## CONCLUSION

Plaintiff's credit report continues to falsely report the accounts. The Plaintiff has provided sufficient allegations, statements, and documents to evidence that it has complied with all conditions precedent to the filing of this action. The Plaintiff has also provided all of the information necessary for this Honorable Court to find the claim to be facially plausible and to make the determination that claim has moved "across the line from conceivable to plausible." Bell Atl. Corp. v Twombly, 550 U.S. 544, 570 (2007).

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order denying Defendant Chase Bankcard Services, Inc.'s Motion to Dismiss or, in the alternative, granting Plaintiff leave to amend her complaint, and providing Plaintiff with any other relief that is appropriate and just.

March 20, 2017

Respectfully submitted,

KEE LEGAL GROUP, P.A.
Attorneys for Plaintiff
P.O. Box 40762
Saint Petersburg, Florida 33743
Telephone (727) 401-7021
Email:kellye@keelegal.com

By: _/s/ Kelly E. Elkins__________
KELLY E. ELKINS, ESQ.
Fla. Bar No.: 469963

**CERTIFICATE OF SERVICE**

I, Kelly Elkins, hereby certify that I caused the foregoing to be filed via the Court's ECF System.

Respectfully submitted,

KEE LEGAL GROUP, P.A.
Attorneys for Plaintiff
P.O. Box 40762
Saint Petersburg, Florida 33743
Telephone (727) 401-7021
Email:kellye@keelegal.com

By: __/s/ Kelly E. Elkins___________
KELLY E. ELKINS, ESQ.
Fla. Bar No.: 469963