UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRIS GREEN,

    Plaintiff,

v.                              Case No. 8:16-cv-3252-T-33AAS

CHASE BANKCARD SERVICES, INC.,
EXPERIAN INFORMATION SOLUTIONS,
INC., EQUIFAX INFORMATION
SERVICES, LLC, and TRANS UNION,
LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Chase Bankcard Services, Inc.'s Motion to Dismiss (Doc. # 27), filed on January 13, 2017, and Trans Union, LLC's Motion to Dismiss or for More Definite Statement (Doc. # 28), filed on January 25, 2017. Plaintiff Iris Green filed responses on March 21, 2017. (Doc. ## 41, 42). For the reasons that follow, the Motions are granted and the Complaint is dismissed with leave to amend.

**I.   Background**

In December of 2015, Green realized that there was inaccurate information on her credit report, which she

obtained from the consumer reporting agencies, Defendants Experian Information Solutions, Equifax Information Services, and Trans Union. (Doc. # 1 at ¶¶ 7, 10). Green disputed the inaccurate reporting by Chase and requested that the three consumer reporting agencies update her credit report "to correct the inaccurate reporting by [] Chase to the credit reporting agencies." (Id. at ¶ 11). Green "specifically disputed the account listed on [her] credit report reported by [] Chase due to mathematical errors and demanded its correction." (Id. at ¶ 12).

According to Green, Chase is a "furnisher of information" under the Fair Credit Reporting Act (FCRA) as well as "a creditor and debt collector as defined by" the Florida Consumer Collection Practices Act (FCCPA) and the Fair Debt Collection Practices Act (FDCPA), who has "attempted to collect a consumer debt from [Green] within the last two years." (Id. at ¶ 4). Green also alleges that Chase "communicat[ed] with [Green] knowing that [] [Green] is represented by undersigned counsel." (Id. at ¶ 25).

Experian, Equifax, and Trans Union received Green's dispute letter and then "upon information and belief, sent either a consumer dispute verification form and/or an electronic automated consumer dispute verification form to []

2

Chase." (Id. at ¶ 13). Nevertheless, "despite having received a dispute letter from [Green] and from undersigned counsel, Defendants failed to properly conduct a reasonable investigation and make the correction to [Green's] credit profile." (Id. at ¶ 14). As a result, Green alleges she incurred damages, including her "impaired ability to rebuild [her] credit worthiness," third-parties being misinformed about Green's account, her "inability to obtain and benefit from new credit," and the "mental and emotional pain, anguish, humiliation, and embarrassment of credit denials." (Id. at ¶ 15).

Green initiated this action on November 23, 2016, alleging violations of the FCRA, 15 U.S.C. §§ 1681 et seq., by all Defendants, as well as violations of the FDCPA, 15 U.S.C. §§ 1692 et seq., and the FCCPA, Fla. Stat. §§ 559.55 et seq., by Chase. (Doc. # 1). Equifax and Experian filed their Answers on December 30, 2016. (Doc. ## 16, 19). Chase then filed its Motion to Dismiss, (Doc. # 27), on January 13, 2017, and Trans Union followed with its Motion to Dismiss or for More Definite Statement, (Doc. # 28), on January 25, 2017. Green responded on March 21, 2017. (Doc. ## 41, 42). The Motions are now ripe for review.

3

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

Alternatively, when a pleading is "so vague or ambiguous that the [defendant] cannot reasonably prepare a response," the court can order the plaintiff to plead a more definite statement of the claim. Fed. R. Civ. P. 12(e). But, "[t]he court should not do so if it would frustrate the concept of notice pleading." Blair v. Philips Elecs. N. Am. Corp., No. 8:16-cv-3529-T-30JSS, 2017 WL 770960, at *1 (M.D. Fla. Feb. 28, 2017)(citing U.S. by Clark v. Ga. Power Co., 301 F. Supp. 538, 544 (N.D. Ga. 1969)).

### III. Analysis

#### A. Chase's Motion

##### 1. FCRA

In Count I, Green alleges that Chase violated numerous sections of the FCRA, including 15 U.S.C. §§ 1681s(2)(B), 1681g, and 1681i. (Doc. # 1 at ¶ 18). The Court notes that § 1681s(2)(B) is inapplicable in this action because that section governs the administrative enforcement of the FCRA by the Federal Trade Commission. 15 U.S.C. § 1681s. And, although mislabeled in the Complaint, Green quotes § 1681s-2(a), which prohibits furnishers of credit information from providing false information. "However, the statute explicitly bars private suits for violations of this provision." Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009); see also §

5

1681s-2(c)(1) (stating that § 1681s-2(a) does not create a private right of action).

Still, the FCRA does create a private right of action for the enforcement of another section Green cites, § 1681s-2(b), which "requires furnishers of credit information to investigate the accuracy of said information upon receiving notice of a dispute." Peart, 345 F. App'x at 386 (citing § 1681s-2(b)). Thus, the Court will analyze Green's claim under § 1681s-2(b).

> Section 1681s-2(b) states:
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a

6

>    consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
>    (i) modify that item of information;
>
>    (ii) delete that item of information; or
>
>    (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). Essentially, this section requires furnishers of information to conduct an investigation after being notified by a consumer reporting agency that the information it furnished is disputed.

Chase argues that Green does not provide sufficient factual allegations as to how Chase violated § 1681s-2(b). Green states in a conclusory fashion that Chase and the other Defendants "failed to properly conduct a reasonable investigation," but does not specify whether Chase conducted an insufficient investigation or whether Chase failed to investigate at all. Nor does Green elaborate as to how Chase's investigation, if one was initiated, was unreasonable. See Smith v. Bank of Am. Home Loans, 968 F. Supp. 2d 1159, 1167 (M.D. Fla. 2013)("It is unclear whether plaintiffs allege that Bank of America failed to conduct *any* investigation. To the extent an investigation was conducted, it is unclear how the investigation failed to meet the requirements of the statute. Therefore, plaintiffs have failed to put Bank of

7

America on notice as to the nature of their alleged violation of 15 U.S.C. § 1681s-2(b).")(emphasis original).

Chase also takes issue with the vague allegation that Green reported "mathematical errors" regarding her account to the consumer reporting agencies. Mathematical errors in the calculation of the debt plausibly would result in inaccurate information about the debt being included in Green's credit report. But, without more information, such as which charges in Green's Chase account were incorrectly calculated or the basis for Green's belief that there was a miscalculation, Green has not put Chase on notice of the claim against them. Thus, the Court agrees that Green has not sufficiently stated a claim under § 1681s-2(b).

Green also has not — and cannot — state an FCRA claim under the other sections cited in Count I. Section 1681g sets out the procedures that consumer reporting agencies must follow when they receive a request for information from a consumer. 15 U.S.C. § 1681g(a) ("Every consumer reporting agency shall, upon request, . . . clearly and accurately disclose to the consumer . . ."). As Green has only alleged that Chase is a furnisher of information — not a consumer reporting agency — this section does not apply to Chase. Similarly, Section 1681i "requires a consumer reporting

agency to reinvestigate disputed information in a consumer's file if the consumer notifies the agency that the information is disputed." <u>Allmond v. Bank of Am.</u>, No. 3-07-cv-186-J-33JRK, 2008 WL 205320, at *3 (M.D. Fla. Jan. 23, 2008)(citing 15 U.S.C. § 1681i). Thus, Green also cannot maintain a claim against Chase under this section.

Thus, Green may only proceed on her FCRA claim against Chase under § 1681s-2(b), for which the Court grants her leave to amend to address the issues discussed above.

### 2. **FDCPA**

In Count III, Green alleges that Chase violated 15 U.S.C. § 1692c(a)(2) of the FDCPA. Section 1692c(a)(2) states

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2).

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails

9

in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In contrast, the FDCPA defines a "creditor" as

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4). The term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person," 15 U.S.C. § 1692a(6)(F)(ii), except that such a "creditor" does qualify as a "debt collector" if the creditor, "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts," 15 U.S.C. § 1692a(6).

In the Complaint, Green states that Chase is both "a creditor and debt collector as defined by the FCCPA and FDCPA." (Doc. # 1 at ¶ 4). Green alleges that Chase "attempted to collect a consumer debt from [Green]" within the last two

10

years. (Id.). But, the Complaint only elaborates on Chase's failure to investigate and correct purportedly inaccurate information about Green's account with Chase and Chase's communications with Green relating to that conduct. Thus, taking the Complaint's allegations as true, much of Chase's conduct was performed in its capacity as a creditor.

Chase, as a creditor of Green, is not subject to the FDCPA for seeking repayment of the debt if it did not "use[] any name other than [its] own" during its collection activity. 15 U.S.C. § 1692a(6); see Craig v. Park Fin. of Broward Cty., Inc., 390 F. Supp. 2d 1150, 1154 (M.D. Fla. 2005)("In their Complaint, the Plaintiffs allege that Park Finance financed a car loan for the Plaintiffs, and then sought repayment of the loan. Based on these allegations, the Court concludes that Defendant Park Finance is a creditor and is therefore not covered by the Fair Debt Collection Practices Act."); see also Kelliher v. Target Nat'l Bank, 826 F. Supp. 2d 1324, 1327-28 (M.D. Fla. 2011)(citing Craig and acknowledging that "the federal FDCPA does not apply to original creditors"). Thus, to the extent Green's claim involves Chase's direct communications with Green regarding credit reporting done in its capacity as a creditor, Green's FDCPA claim under § 1692c(a)(2) fails as a matter of law.

11

Although her allegations are conclusory, Green does also identify Chase as a "debt collector" under the FDCPA who has "attempted to collect a consumer debt from" Green. (Doc. # 1 at ¶ 4). And, while Green alleges in Count III that Chase "communicat[ed] with [Green] knowing that [] [Green] is represented by undersigned counsel," she does not make this allegation in the background section of the Complaint, nor does Green provide factual allegations regarding the time or nature of these communications. (Doc. # 1 at ¶ 25). Thus, if possible, Green may amend her FDCPA claim regarding Chase's direct contact with Green in its capacity as a debt collector.

### 3. FCCPA

In Count II, Green alleges that Chase violated two sections of the FCCPA, Fla. Stat. §§ 559.72(9) and (18). (Doc. # 1 at ¶ 20). Section 559.72(9) states that no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). Section 559.72(18) states that no person shall:

> [c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to

>respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Fla. Stat. § 559.72(18).

Chase argues that Green's FCCPA claim is preempted by the FCRA. (Doc. # 27 at 6). "Under the Supremacy Clause, Congress is empowered to preempt state statutory law when acting within constitutional limits by expressly so stating within the language of a federal statute." Bauer v. Target Corp., No. 8:12-cv-978-T-AEP, 2012 WL 4054296, at *4 (M.D. Fla. Sept. 14, 2012)(citing U.S. Const. art. VI, cl. 2). The FCRA explicitly prohibits claims under the laws of "any State" with respect to conduct regulated under § 1681s-2 relating to the "responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b).

To the extent Green bases her FCCPA claim against Chase on its credit reporting activities, her claim is preempted by the FCRA. See Osborne v. Vericrest Fin., Inc., No. 8:11-cv-716-T-30TBM, 2011 WL 1878227, at *2-3 (M.D. Fla. May 17, 2011) ("Defendant's motion to dismiss based on preemption is granted to the extent that the FCCPA claim is premised on credit reporting activity."); see also Allmond, 2008 WL 205320, at

13

*7 (citing Knudson v. Wachovia Bank, 513 F. Supp. 2d 1255, 1259 (M.D. Ala. 2007)).

But, "an 'unfair debt collection practices claim survives [FCRA] preemption' if the defendant's debt collecting is separate from the defendant's credit reporting." Menashi v. Am. Home Mortg. Servicing, Inc., No. 8:11-cv-1346-T-23EAJ, 2011 WL 4599816, at *2 (M.D. Fla. Oct. 4, 2011)(quoting Ross v. Fed. Deposit Ins. Corp., 625 F.3d 808, 810, 817 (4th Cir. 2010)). Separate debt collection activity by Chase would not be preempted by the FCRA, and Green does allege that Chase "attempted to collect a consumer debt from [Green]" within "the last two years." (Doc. # 1 at ¶ 4). And, while Chase's attempts to collect a debt in its capacity as creditor would not expose it to liability under the FDCPA, "the FCCPA has been interpreted to apply to original creditors as well as debt collection agencies." Kelliher, 826 F. Supp. 2d at 1327–28.

Therefore, Green's FCCPA claim is not preempted so far as it relates to Chase's debt collection activity or direct communications with Green that are separate from its credit reporting activity. However, the Complaint does not provide sufficient factual allegations regarding Chase's separate debt collection attempts or communications with Green.

14

Accordingly, Green may amend, if possible, her FCCPA claim based on Chase's direct communications with her to collect a debt.

**B.    Trans Union's Motion**

In its Motion, Trans Union argues that Count I, Green's FCRA claim against it, should be dismissed because Green has failed to plead sufficient factual allegations to state a claim. (Doc. # 28). The Court finds that Count I should be dismissed with leave to amend.

**1.    Section 1681s(2)(B)**

First, Trans Union argues that Green has failed to state, and cannot state, a claim under 15 U.S.C. § 1681s(2)(B) of the FCRA. (Id. at 4). As previously noted, some FCRA sections cited in the Complaint, § 1681s(2)(B) and § 1681s-2(a), are inapplicable in this action. And, to the extent Green attempts to assert a claim under § 1681s-2(b), which outlines the responsibilities of furnishers of information to consumer reporting agencies, Green has also failed to state a claim against Trans Union.

Section 1681s-2 of the FCRA "imposes certain responsibilities on persons who furnish information to consumer reporting agencies." Chipka v. Bank of Am., 355 F. App'x 380, 383 (11th Cir. 2009). But, Trans Union is not a

15

"furnisher of information" under the FCRA; rather, it is a "consumer reporting agency" to which furnishers of information provide information. See 15 U.S.C. § 1681a(f) (defining "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports"); see also (Doc. # 1 at ¶ 7)(identifying Trans Union as a "consumer reporting agency" under the FCRA). Therefore, the claim against Trans Union under § 1681s-2(a) fails as a matter of law.

### 2. Section 1681g

Next, Trans Union argues that Green has not stated a claim under 15 U.S.C. § 1681g, which governs how consumer reporting agencies respond to consumers' requests for information. See 15 U.S.C. § 1681g(a) ("Every consumer reporting agency shall, upon request, . . . clearly and accurately disclose to the consumer (1) All information in the consumer's file . . . [and] (2) The sources of the information . . ."). Trans Union contends "[n]owhere in the

16

Complaint does [Green] state facts to establish the elements of a claim based on § 1681g." (Doc. # 28 at 4). The Court agrees.

Green fails to allege that she requested a disclosure of her consumer information from Trans Union. Rather, Green asserts she "made disputes to the credit bureaus" but they "failed to properly conduct a reasonable investigation and make the corrections to [Green's] credit profile." (Doc. # 1 at ¶¶ 11, 14). While this allegation lies at the heart of a § 1681i claim, it fails to establish a claim under § 1681g. If Green wishes to state a claim under § 1681g, she must plead that she requested a disclosure of her information from Trans Union in her amended complaint.

### 3.   Section 1681i

Trans Union argues that Green has not sufficiently pled what information it reported that was allegedly inaccurate or incomplete. According to Trans Union, Green's allegation that Trans Union's reports included "mathematical errors" is too vague and conclusory because it "fails to provide notice about what piece of reported information contains alleged mathematical errors and what the information would report without the alleged mathematical errors." (Doc. # 28 at 5).

17

As the Court already determined regarding Chase's Motion, Green's vague reference to mathematical errors does not provide sufficient factual support for her allegation that Defendants violated the FCRA. In order to put Trans Union on notice, Green must allege facts regarding the mathematical errors included in her credit report in her amended complaint.

### 4.   Punitive Damages

The FCRA provides for punitive damages where a violation is willful. 15 U.S.C. § 1681(n)(a)(2). But, Trans Union insists that Green's claim for punitive damages should be dismissed because Green has not sufficiently alleged that Trans Union willfully violated the FCRA. (Doc. # 28 at 6). Green alleges that all Defendants "engag[ed] in willful and negligent acts" in violation of the FCRA. (Doc. # 1 at ¶ 18)(emphasis added). Yet, the Complaint does not contain factual allegations to support that any violation by Trans Union was willful. As the Court has given Green an opportunity to amend her FCRA claim against Trans Union, Green can address this issue in her amended complaint.

### 5.   More Definite Statement

Trans Union requests that, if the Court does not dismiss Green's FCRA claim, that the Court alternatively require Green to submit a more definite statement. As the Court has

dismissed the claim against Trans Union with leave to amend, a more definite statement is not required.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Chase Bankcard Services, Inc.'s Motion to Dismiss (Doc. # 27) is **GRANTED.**

(2) Defendant Trans Union, LLC's Motion to Dismiss, or for More Definite Statement (Doc. # 28) is **GRANTED.**

(3) Green may file an amended complaint addressing the issues discussed in this Order by **April 6, 2017.** As the amended complaint must be filed before the mediation scheduled on April 21, 2017, the Court will be disinclined to grant an extension of this deadline.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE